# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT C. WOODSIDE, JR. and MARY JO WOODSIDE,

    Plaintiffs,

v.

WAL-MART STORES, INC.,

    Defendant.

NO. 10-CV-621-WDS

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Before the Court is defendant Wal-Mart Stores, Inc.'s motion to dismiss Counts I and II of plaintiff's complaint (Doc. 5), to which plaintiff has filed a response (Doc. 6). Also before the Court is defendants' motion to strike plaintiff's response to defendant's motion to dismiss (Doc. 7), to which plaintiff has filed a response (Doc. 8).

## BACKGROUND

Plaintiffs Robert and Mary Jo Woodside filed this action against defendant Wal-Mart Stores, Inc. ("Wal-Mart") for injuries allegedly sustained by Mr. Woodside while shopping at a Sam's Club retail store, owned and operated by Wal-Mart. Mr. Woodside alleges he injured himself as he reached around pallets of merchandise that were blocking access to shelved merchandise. Count I alleges defendant's negligence caused Mr. Woodside's injuries and Count II alleges Mrs. Woodside sustained loss of consortium as a result of her husband's injuries.

Defendant now moves this Court to dismiss Counts I and II of plaintiff's complaint aserting that Count I should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state

a claim upon relief can be granted, and that Count II, as a derivative of the premises liability claim set out in Count I, should also be dismissed. Defendant seeks to strike plaintiff's response to defendant's motion to dismiss as untimely.

## **DISCUSSION**

**I.    Motion to Dismiss**

To satisfy the notice-pleading standard, under Fed. R. Civ. P. 8(a)(2), a complaint must give a "short and plain statement of the claim showing that the pleader is entitled to relief," which gives the defendant "fair notice" of the claim and the basis for that relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (*citing Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8(a)(2). The plaintiff does not need to plead specific facts or specific legal theories. *Bell Atlantic*, 550 U.S. at 555; *Hatmaker v. Memorial Medical Center*, 619 F.3d 741, 743 (7th Cir. 2010). The complaint must merely "*suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). However, enough factual matter must be included such that, when accepted as true, the complaint states "a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570.

When determining the sufficiency of a plaintiff's complaint, the Court construes the complaint in the light most favorable to the plaintiff and accepts all well-pleaded facts as true. *Tamayo*, 526 F.3d at 1081 (citing *Bell Atlantic*, 550 U.S. at 555). To satisfy the notice-pleading requirements of Federal Rule of Civil Procedure 8(a)(2), a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Dismissal is only appropriate if it appears beyond a doubt that no relief may be granted

under any set of facts that could be proved consistent with the allegations in the complaint. *Id.* at 1082.

### A. Count I

Defendant argues that plaintiffs failed to plead sufficient facts to support their claim of negligence, and therefore plaintiffs have failed to state a claim upon which relief may be granted. In Illinois, to state a cause of action for negligence, plaintiff must allege: (1) defendant owed a duty to plaintiff; (2) defendant breached that duty; and (3) the breach was the proximate cause of plaintiff's injuries. *First Springfield Bank & Trust v. Galman*, 720 N.E.2d 1068, 1071 (Ill. 1999).

Business operators have a duty to their customers to maintain their premises in a reasonably safe condition for use by business invitees. *Ward v. K Mart Corp.*, 554 N.E.2d 223, 227(Ill. 1990). Liability depends on whether the defendant should reasonably anticipate injury to those customers "who are generally exercising reasonable care for their own safety, but who may reasonably be expected to be distracted, . . ." 554 N.E.2d at 232.

In their complaint, plaintiffs allege Mr. Woodside was a "business invitee" at the Sam's Club retail store, which is owned and operated by Wal-Mart. The plaintiffs further allege defendant created and/or allowed a dangerous condition on their premises by allowing the pallets of unshelved merchandise to block the shelved merchandise. Plaintiffs assert that as a result of the pallets blocking shelved merchandise, "the store was not reasonably safe for [Mr. Woodside's] use" and defendant "negligently and carelessly failed to use ordinary care to remove said condition, barricade the area, or adequately warn of said condition," and Mr. Woodside was injured as a direct result of defendant's negligence.

Under notice pleading standards, the Court **FINDS** the allegations contained in plaintiffs' complaint are sufficient to state a cause of action for negligence because they provide defendant with fair notice of the claim and the basis for that relief under Fed. R. Civ. P. 8(a).

**B.     Count II**

Defendant asserts that Count II, alleging loss of consortium, is a derivative of the negligence claim set out in Count I. Specifically, defendant argues if plaintiffs have failed to state a cause of action for negligence, then plaintiffs necessarily have failed to state a cause of action for loss of consortium set out in Count II.

Because plaintiff's complaint is sufficient to state a cause of action for negligence, the Court **FINDS** that Count II also survives defendant's motion to dismiss.

**II.     Motion to Strike**

Defendant argues plaintiffs' response to defendant's motion to dismiss should be stricken as untimely.   The Court's rules provide that "an adverse party in a civil case shall have 30 days after service of [a motion to dismiss] to file a response." S.D. Ill. Local Rule 7.1(c)(1). When a document is served electronically, however, "three days are added to the prescribed response time." S.D. Ill. Local Rule 5.1(c). Defendant electronically filed and served upon plaintiffs' counsel its motion to dismiss on August 13, 2010. Plaintiffs' response was filed on September 15, 2010, exactly thirty-three days after defendant filed its motion to dismiss. (*See* Doc. 6). Because defendant electronically served plaintiffs' counsel, under the Court's rules, plaintiffs' deadline to file a response was September 15, 2010 instead of September 13, 2010.[1]

---

[1] Plaintiffs' deadline for a personally served document under Rule 7.1(c)(1) would have fallen on Sunday, September 12, 2010. Therefore, plaintiffs would be required to file their response on Monday, September 13, 2010. The extended deadline for electronically filed document under

4

Therefore, applying the appropriate Local Rules, the Court **FINDS** that plaintiffs' response is timely, and the motion on this ground is **DENIED.**

## **CONCLUSION**

Based on the foregoing, defendant's motion to dismiss Count I and II is **DENIED** and defendant's motion to strike is **DENIED**.

**IT IS SO ORDERED.**

**DATE:     1 March, 2011**

                                        **/s/  WILLIAM D. STIEHL**
                                        **DISTRICT JUDGE**

---

Rule 5.1(c) began to run on September 12, 2010, without regard to its being Sunday.